IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC WARD,<br><br>               Plaintiff,<br>v.<br><br>WALGREEN COMPANY and SEARS HOLDINGS CORPORATION,<br><br>               Defendants. | Civil No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Eric Ward ("Ward") complains of Defendant Walgreen Company ("Walgreen") and Sears Holdings Corporation ("Sears") (collectively "Defendants") as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2. Eric Ward is an individual, resident of the state of Colorado who operates a business known as The Foot Foundation in Snowmass Village, Colorado.

3. Ward is in the business of servicing the public by providing technology and footwear inserts that enables individuals to attain a balanced, neutral position while walking, running, skiing, and engaging in a multitude of other endeavors. Ward's patented and proprietary processes and products are used to assist with the measurement, evaluation, construction, recommendation and implementation of custom-made and predetermined right and left foot inserts.

4. Ward owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 6,845,568 entitled "High Performance Foot Bed For Sports

Equipment" which issued on January 25, 2005 ("the '568 Patent"). The '568 Patent pertains to a method of measuring, evaluating recommending and fitting an individual with right and left foot inserts. A true and correct copy of the '568 Patent is attached as Exhibit 1.

5. Walgreen Company is an Illinois Corporation located at 200 Wilmot Rd. Deerfield, IL 60015. Walgreen owns and/or operates retail stores that offer consumer products throughout the United States and within Illinois.

6. Sears Holdings Corporation is a Delaware corporation headquartered at 3333 Beverly Road, Hoffman Estates, IL 60179. Sears owns and/or operates retail stores that offer consumer products throughout the United States and within the state of Illinois.

## JURISDICTION AND VENUE

7. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

8. Defendants are subject to personal jurisdiction in this Court, and venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b). Defendants are subject to personal jurisdiction in this Court, because each defendant transacts business in this district, at least by offering infringing products for sale to customers located in this judicial district.

## PATENT INFRINGEMENT

9. Defendants have directly infringed at least claims 1 and 3 of the '568 patent by performing each of the steps of the claimed method for fitting an individual with right and left foot inserts.

10. Defendants utilize the Dr. Scholl's Custom Fit Orthotic Center to provide customers with a customized right and left foot insert. (Exhibit 2).

11. The method used by Defendants instructs a customer to stand on a pressure measuring device, such as the Dr. Scholl's Custom Fit Orthotic Center, while elevating the left foot off of the device.

12. The method used by Defendants includes using the Dr. Scholl's Custom Fit Orthotic Center to determine the position necessary to place the individual in a balanced, neutral position.

13. The method used by Defendants includes the step of providing a recommended orthotic insert.

14. The method used by Defendants includes the step of repeating the measuring process for the right foot.

15. Defendants utilize the method embodied in Claim 1 of the '568 patent to recommend a predetermined insert to the customer.

16. Defendants infringe claim 3 of the '568 patent by providing information to its customers to select said insert from a plurality (14) of predetermined custom fit orthotic inserts.

17. Defendants' infringement has injured Plaintiff and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

18. Defendants' infringement continues and will continue until enjoined by this Court.

19. Plaintiff has complied with the provisions of 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Eric Ward, respectfully requests this Court enter judgment against Defendants granting the following relief:

A. The entry of judgment in favor of Ward on the Complaint;

B. An award of damages against each Defendant adequate to compensate Plaintiff for the infringement that has occurred (together with prejudgment interest from the date the infringement began), but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

C.	A permanent injunction prohibiting each Defendant, its subsidiaries, successors, parents, affiliates, officers, directors, agents, employees and all persons in active concert with them, from further acts of infringement of the '568 patent; and,

D.	Such other relief that Ward is entitled to under law and any other relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Eric Ward demands a trial by jury on all issues presented in this complaint.

Eric Ward

By: */s/ William L. Niro*
William L. Niro (wniro@nshn.com)
Vasilios D. Dossas (dossas@nshn.com)
Christopher W. Niro (cniro@nshn.com)
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137

*Attorneys for Plaintiff Eric Ward*